IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELBA ALICIA ORDONEZ VELAZQUEZ, and LUIS ALBERTO ARRIAGA GUZMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>DOE CORPORATION, real name unknown; and UNITED STATES OF AMERICA,<br><br>Defendants. | **8:18CV45**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant United States of America's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Filing No. 8) and plaintiffs Elba Alicia Ordonez Velazquez ("Velazquez") and Luis Alberto Arriaga Guzman's ("Guzman" and collectively, "plaintiffs") Motion for Leave to Conduct Limited Discovery (Filing No. 11). For the reasons stated below, the Motion to Dismiss is granted, the Motion for Leave to Conduct Limited Discovery is denied, and the case is dismissed for lack of subject-matter jurisdiction.

## I.    BACKGROUND

Oneworld Community Health Centers, Inc. ("Oneworld") operates medical facilities located at 4920 South 30th Street in Omaha, Nebraska ("health center").[1] On October 19, 2015, Velazquez visited the health center complaining of acute abdominal pain. She was seen and discharged with the instructions "h/o bariatric surgery," "has not been to GI this year," and "need ROR for surgery records from Methodist hospital at next

---

[1]The factual allegations in the Complaint are taken as true for the purposes of the Motion to Dismiss. *Tension Envelope Corp. v. JBM Envelope Co.*, 876 F.3d 1112, 1116 (8th Cir. 2017).

apt."[2]   Velazquez returned to the health center with abdominal pain on November 6, 2015.  She was assessed and given a treatment plan consisting of "referral: acupuncture" and "medication: continue oxycodone-acetaminophen 5 mg-325 mg."

On November 7, 2015, a rescue squad took Velazquez to Methodist Hospital where she was diagnosed with a bowel obstruction and underwent emergency laparotomy surgery and bowel resection.  Velazquez continues to suffer from extensive and severe abdominal disfigurement.

On November 2, 2017, the plaintiffs filed a Complaint (Filing No. 1-1, pp. 3-9) in the District Court of Douglas County, Nebraska.  Velazquez sought damages for medical malpractice, and Guzman sought damages for loss of consortium.  The Complaint identified the defendants as Oneworld, "John or Jane Doe, M.D.," and "Doe Corporation."

On February 9, 2018, Robert C. Stuart, Acting United States Attorney for the District of Nebraska ("Stuart"), certified (Filing No. 1-2) Oneworld "to be part of the Public Health Service, an agency of the United States, by the Department of Health and Human Services pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(a)-(n)."  *See* 42 U.S.C. § 233(c) and (g); 28 C.F.R. § 15.4(a).  He found Oneworld to be "acting within the scope of its employment as an employee of the Public Health Service and therefore an employee of the United States at the time of the conduct alleged in the Complaint."  Stuart identified "John or Jane Doe, M.D." as Dr. Donna Faber and Dr. Carlos Giraldo (collectively, the "doctors").  He concluded Oneworld and the doctors were (1) "employees of the Public Health Service and therefore employees of the United States" and (2) acting with the scope of their employment.

---

[2]The plaintiffs do not explain what these instructions mean.

Pursuant to Stuart's certification, the government removed (Filing No. 1) the case to this Court on February 12, 2018, and moved (Filing No. 4) to substitute the United States of America for defendants Oneworld and John or Jane Doe, M.D.[3] On February 13, 2018, the magistrate judge[4] substituted (Filing No. 7) the United States as a party. The plaintiffs did not timely object to the substitution. NECivR 72.2(a).

On February 15, 2018, the government moved to dismiss, claiming the plaintiffs failed to comply with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq*. Specifically, the government claims the plaintiffs have not exhausted their administrative remedies because they have not filed any administrative tort claims with the United States Department of Health and Human Services. In support of this claim, the government filed an affidavit (Filing No. 1-3) from a Senior Attorney in the Department of Health and Human Services confirming the plaintiffs have not filed an administrative claim.

The plaintiffs did not file a brief in response to the Motion to Dismiss but did move for leave to perform limited discovery[5] for sixty days "in order to determine whether the Defendant's employees fall under the protection of the [FTCA]." The plaintiffs claimed they needed sixty days "to obtain information required to respond to Defendant's Motion." The plaintiffs offered no further explanation for discovery and did not attach a supporting brief. *See* NECivR 7.1(a). The government filed a brief (Filing No. 12) opposing limited discovery.

---

[3]The government did not move to substitute the United States for defendant Doe Corporation. The reasons for this decision are unknown.

[4]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

[5]The plaintiffs cited Federal Rule of Civil Procedure 30(a)(2)(A)(iii), which refers to depositions taken before the opening of discovery pursuant to Federal Rule of Civil Procedure 26(d).

## II.     DISCUSSION

"The [FTCA] allows plaintiffs to seek damages from the United States for certain torts committed by federal employees." *Simmons v. Himmelreich*, 578 U.S. ___, ___, 136 S. Ct. 1843, 1845 (2016).  "The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'"  *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)).  The FTCA is the exclusive remedy for claims "resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment."  42 U.S.C. § 233(a).

When a suit potentially implicating § 233 is filed, the Secretary of the Department of Health and Human Services is required to "make a determination of whether an entity or an officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service."  *Id*. § 233(g)(1)(E).[6]  This determination is "final and binding."  *Id*. § 233(g)(1)(F).  The Secretary has delegated the authority to make the determination to "[t]he United States Attorney for the district where the civil action or proceeding is brought."  28 C.F.R. § 15.4.  After the certification that a defendant was an employee of the Public Health Service acting in the scope of employment, a civil action "commenced in a State court shall be removed . . . to the district court of the United States" and "deemed a tort action brought against the United States."  *Id*. § 233(c).

---

[6]While § 233(g)(1)(E) only requires a determination of whether an entity is an employee of the Public Health Service, other sections seem to require that this determination also include whether the entity was also acting within the scope of employment with regard to the activity giving rise to the lawsuit.  *See id*. § 233(c) and (l)(1).

The government first notes that certifications under 28 U.S.C. § 2679 are non-reviewable for removal purposes but can be challenged for substitution purposes. *Brown v. Armstrong*, 949 F.2d 1007, 1011 (8th Cir. 1991). It then argues certifications under § 233 are functionally the same as § 2679 certifications, and the plaintiffs can only challenge the certification's effect on substitution. *See Carrizales v. United States*, Nos. 8:14CV3104, 8:14CV3105, 2014 WL 4471602, at *3 (D. Neb. Sept. 10, 2014) (citing *Brown* where the plaintiff challenged certification under § 233).

Second, the government claims that, even though plaintiffs can challenge certification for purposes of substitution, the certification is prima facie evidence the doctors were acting within the scope of their employment and the plaintiffs "must come forward with specific facts rebutting" the certification. *Brown*, 949 F.3d at 1012. While conceding that limited discovery on this issue can sometimes be appropriate, the government argues "plaintiffs are obligated to present specific facts that tend to rebut the certification before the Court may grant discovery on the issue." *A.E. v. N. Country Health Servs.*, Civ. No. 09–1766, 2009 WL 5030767, at *10 (D. Minn. Dec. 14, 2009).[7]

Other circuits have determined that a request for discovery to challenge a § 2679 certification must be accompanied with evidence that tends to contradict the certification. *See, e.g.*, *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009) ("To rebut the certification and obtain discovery, a plaintiff must 'alleg[e] sufficient facts that, taken as true, would establish that the defendant['s] actions exceeded the scope of [his] employment.'") (quoting *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003));

---

[7]*North Country Health Services* involved a certification under § 2679. *Id.* The government has cited two more cases similarly interpreting § 2679. *See Deering v. Bauer*, Civil No. 06–5003, 2007 WL 2023556, at *3 (D. Minn. July 10, 2007) ("[F]or discovery of immunity-related facts to be warranted, the plaintiff must indicate what sort of facts he or she hopes to discover that would create a material factual dispute and could support a viable theory that the individual defendant was acting outside the scope of employment."); *Supinski v. United States*, No. 4:07-CV-963, 2007 WL 4245009, at *1 (E.D. Mo. Nov. 29, 2007) (denying a request for discovery based only on an assertion that discovery might disclose evidence rebutting a scope of employment certification).

*Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1155 (4th Cir. 1997) ("[T]he district court may allow (in its discretion) limited discovery or conduct an evidentiary hearing, but should not do so if the certification, the pleadings, the affidavits, and any supporting documentary evidence do not reveal an issue of material fact.").

Eighth Circuit dicta aligns with the circuit consensus on § 2679 certifications. *See Forrest City Machine Works, Inc. v. United States*, 953 F.2d 1086, 1088 (8th Cir. 1992) ("'We need not address in this case the potentially difficult issues . . . whether [appellants] must be permitted to probe the basis for the certification in discovery' . . . because here the appellants have not come forward with any evidence contradicting the government's scope-of-employment certification and supporting exhibits.") (quoting *Brown v. Armstrong*, No. 90-2721, 1991 WL 245168, at *5 n.9 (8th Cir. Nov. 25, 1991)).

Because a request for discovery to challenge a § 2679 certification must be accompanied with evidence that tends to contradict the certification, it is now necessary to determine if § 2679 certifications are equivalent to certifications under § 233. While the statutes are not identical, they closely mirror each other. *Compare* 28 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment . . . any such civil action or proceeding . . . shall be . . . deemed a tort action brought against the United States."), *with* 28 U.S.C. § 2679(d)(2) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding . . . shall be deemed an action against the United States."). The Court determines § 2679 certifications and § 233 certifications are sufficiently analogous that caselaw interpreting certification under § 2679 applies to § 233.

Because the plaintiffs have not produced any evidence that tends to rebut the government's certification, the plaintiffs' request for discovery is denied. Additionally,

discovery is likely futile here because the Complaint sets out a claim for medical malpractice.  As the doctors were employed to provide medical services, it is implausible that the allegations in the Complaint could relate to activities outside the scope of their employment.  *Cf. Saleh v. Bush*, 848 F.3d 880, 892 (9th Cir. 2017) ("[B]ecause the allegations in the operative complaint, taken as true, do not establish that Defendants acted outside the scope of their employment, an evidentiary hearing would be a futile exercise.");  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996) ("No hearing on certification is necessary where even if the plaintiff's assertions were true, the complaint allegations establish that the employee was acting within the scope of his/her employment.").

Because discovery is denied, and also because the plaintiffs did not object to the substitution within the required time period, the United States will remain the defendant in the case.  Although Doe Corporation is still listed as a defendant, it is clear from the Complaint that the plaintiffs are attempting to assert vicarious liability against the doctors' employer, which is the United States.[8]

"An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied."  28 U.S.C. § 2675(a).  This exhaustion requirement "is a jurisdictional term of the FTCA's limited waiver of sovereign immunity."   Because plaintiffs have not exhausted their administrative remedies, the case is dismissed for lack of subject-matter jurisdiction.

## III.    CONCLUSION

The plaintiffs did not submit any evidence tending to rebut the certification that the doctors were acting within the scope of their employment, and their request for

---

[8]The Complaint stated, "At all relevant times herein, Defendants John and/or Jane Doe M.D., real names unknown, were employees of Defendant Doe, Corporation [sic], and were acting within the course and scope of his and/or her employment."

limited discovery is denied. The plaintiffs did not exhaust their administrative remedies, and the FTCA's waiver of sovereign immunity does not apply. The case is therefore dismissed for lack of subject-matter jurisdiction. Accordingly,

IT IS ORDERED:

1.  Plaintiffs Elba Alicia Ordonez Velazquez and Luis Alberto Arriaga Guzman's Motion for Leave to Conduct Limited Discovery (Filing No. 11) is denied.

2.  The government's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Filing No. 8) is granted.

3.  The case is dismissed without prejudice.

4.  A separate judgment in accordance with this Memorandum and Order will be issued.

Dated this 26th day of March, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge